## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| U.S. VENTURE, INC. f/k/a U.S. OIL CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 10 CV 4166 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| GAS CITY, LTD. and WILLIAM J MCENERY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### ANSWER TO COMPLAINT AT LAW

Defendant Gas City, Ltd. ("Gas City"), by and through its undersigned attorneys,

Proskauer Rose LLP, hereby answers the Complaint at Law of U.S. Venture, Inc. f/k/a U.S. Oil

Co., Inc. ("U.S. Venture"), as follows:

### PARTIES AND JURISDICTIONAL STATEMENT

1.      U.S. Venture, a citizen of the State of Wisconsin, is incorporated in the State of
Wisconsin with its principal place of business at 425 Better Way, Appleton, Wisconsin, 54915.

**ANSWER:**    Gas City lacks sufficient information or knowledge to form a belief as to

the truth or falsity of the allegations in paragraph 1 of Plaintiff's Complaint and therefore denies

the same.

2.      Gas City is a citizen of the State of Illinois, is incorporated in the State of Illinois
with its principal place of business at 160 South LaGrange Road, Frankfort, Illinois 60423.

**ANSWER**:    Gas City admits the allegations of paragraph 2 of Plaintiff's Complaint.

3.      McEnery is a citizen of the State of Illinois with a domicile at 13015 West 151
Street, Homer Glen, Illinois 60491.

**ANSWER**:    Gas City admits the allegations of paragraph 3 of Plaintiff's Complaint.

4.      There is diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

**ANSWER**:      Paragraph 4 of Plaintiff's Complaint contains jurisdictional allegations and legal conclusions to which no answer is required.  To the extent an answer is required, Gas City lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

5.      This matter concerns a breach of an agreement in which the amount at issue is in excess of $75,000, exclusive of interest and costs.

**ANSWER**:      Paragraph 5 of Plaintiff's Complaint contains jurisdictional allegations and legal conclusions to which no answer is required.  To the extent an answer is required, upon information and belief, Gas City admits this matter concerns an alleged breach of an agreement and that the amount claimed by Plaintiff to be at issue is in excess of $75,000, exclusive of interest and costs.

6.      Venue is proper pursuant to 28 U.S.C. §1391(a).

**ANSWER**:      Paragraph 6 of Plaintiff's Complaint contains jurisdictional allegations and legal conclusions to which no answer is required.  To the extent an answer is required, Gas City lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

## COUNT I – Breach of Contract

7.      Plaintiff realleges paragraphs 1 through 6 as paragraph 7 of Count I of Plaintiff's Complaint.

**ANSWER**:      Gas City incorporates its answers to paragraphs 1-6 of Plaintiff's Complaint as if fully set forth herein.

8.      Gas City has submitted to U.S. Venture various credit applications. During October, 2003, Gas City submitted its most recent credit application to U.S. Venture. Attached

2

hereto as Exhibit "A" and incorporated by reference is a copy of the October, 2003 credit application.

**ANSWER**:     Gas City denies the characterization contained in the first sentence of paragraph 8 of Plaintiff's Complaint that it has submitted "various" credit applications to U.S. Venture.  Gas City admits that the document attached as Exhibit A to Plaintiff's Complaint is a copy of a credit application submitted to U.S. Venture by Gas City in October 2003 but, upon information and belief, denies that it is a complete copy of that credit application.  Except as expressly admitted, Gas City denies the allegations of paragraph 8 of Plaintiff's Complaint.

9.     Pursuant to the credit application, Gas City ordered and U.S. Venture provided petroleum and other fuel to Gas City. Attached hereto as Exhibit "B" and incorporated by reference is an account summary listing all invoices issued to Gas City that remain unpaid.

**ANSWER**:     The first sentence of paragraph 9 of Plaintiff's Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Gas City admits that Gas City ordered and U.S. Venture provided petroleum and other fuel to Gas City.  In response to the second sentence of this paragraph, Gas City admits that the document attached to Plaintiff's Complaint purports to consist of an account summary listing invoices issued to Gas City that allegedly remain unpaid.  Except as expressly admitted, Gas City denies the allegations of paragraph 9 of Plaintiff's Complaint.

10.     U.S. Venture performed all of its obligations to Gas City.

**ANSWER**:     Paragraph 10 of Plaintiff's Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Gas City lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

3

11.     Gas City breached its obligations by failing to tender to U.S. Venture the payments due for providing the petroleum and other fuel to Gas City.

**ANSWER**:     Paragraph 11 of Plaintiff's Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Gas City denies the allegations of paragraph 11 of Plaintiff's Complaint.

12.     As a result of Gas City's failure to pay, there remains due and owing to Plaintiff, after application of all payments and credits, the sum of $530,244.07.

**ANSWER**:     Paragraph 12 of Plaintiff's Complaint contains legal conclusions to which no answer is required.  To the extent an answer is required, Gas City denies the allegations of paragraph 12 of Plaintiff's Complaint.

13.     Plaintiff has made demand on the Gas City for payment of the amounts due but Gas City has refused and continues to refuse to pay.

**ANSWER**:     Gas City denies the characterization that it "has refused and continues to refuse to pay" contained in this paragraph.  Gas City admits the remaining allegations of paragraph 13 of Plaintiff's Complaint.

## COUNT II - Personal Guaranty

14.     Plaintiff realleges paragraphs 1 through 13 of its Complaint as paragraph 14 of Count II of Plaintiff's Verified Complaint.

**ANSWER**:     Gas City incorporates its answers to paragraphs 1-13 of Plaintiff's Complaint as if fully set forth herein.

15.     On April 27, 1989, McEnery executed and delivered to U.S. Venture a written guaranty ("Guaranty"), whereby McEnery personally guaranteed to U.S. Venture the payment of any and all indebtedness of Gas City to U.S. Venture. That attached hereto as Exhibit "C" is a copy of the Guaranty.

**ANSWER**:     Gas City does not answer paragraph 15 of Plaintiff's Complaint because Count II is not directed toward Gas City, and this paragraph contains no factual allegations

4

against Gas City. To the extent that paragraph 15 contains factual allegations against Gas City, it denies such allegations.

16. At the time of the signing of the Guaranty, McEnery was President of Gas City.

**ANSWER**: Gas City does not answer paragraph 16 of Plaintiff's Complaint because Count II is not directed toward Gas City, and this paragraph contains no factual allegations against Gas City. To the extent that paragraph 16 contains factual allegations against Gas City, it denies such allegations.

17. At the time of the signing of the Guaranty, McEnery was the sole shareholder of Gas City.

**ANSWER**: Gas City does not answer paragraph 17 of Plaintiff's Complaint because Count II is not directed toward Gas City, and this paragraph contains no factual allegations against Gas City. To the extent that paragraph 17 contains factual allegations against Gas City, it denies such allegations.

18. At the time of the signing of the Guaranty, McEnery intended to guaranty the payment of all sums due and owing to U.S. Venture from Gas City.

**ANSWER**: Gas City does not answer paragraph 18 of Plaintiff's Complaint because Count II is not directed toward Gas City, and this paragraph contains no factual allegations against Gas City. To the extent that paragraph 18 contains factual allegations against Gas City, it denies such allegations.

19. That pursuant to Count I of this Complaint, Gas City owes U.S. Venture the sum of $530,244.07 plus costs.

**ANSWER**: Gas City does not answer paragraph 19 of Plaintiff's Complaint because Count II is not directed toward Gas City, and this paragraph contains no factual allegations

against Gas City. To the extent that paragraph 19 contains factual allegations against Gas City, it denies such allegations.

20.    That McEnery owes U.S. Venture $530,244.07 under the Guaranty.

**ANSWER**:    Gas City does not answer paragraph 20 of Plaintiff's Complaint because Count II is not directed toward Gas City, and this paragraph contains no factual allegations against Gas City. To the extent that paragraph 20 contains factual allegations against Gas City, it denies such allegations.

WHEREFORE, Gas City denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## AFFIRMATIVE OR OTHER DEFENSES

### FIRST DEFENSE: ESTOPPEL, WAIVER, LACHES, AND/OR RATIFICATION

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or ratification.

### SECOND DEFENSE: LACK OF CONSIDERATION

Plaintiff's claims are barred, in whole or in part, to the extent there was a lack of consideration running between Plaintiff and Gas City.

### RESERVATION OF ADDITIONAL DEFENSES

Gas City reserves the right to raise any additional defenses, affirmative or otherwise, which may become apparent through discovery during the course of this action.

### JURY DEMAND

Gas City hereby demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Gas City prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of its Complaint;

2. That the Complaint be dismissed on its merits and with prejudice; and

3. That Gas City be awarded such other and further relief as the Court deems necessary.

Dated:  August 31, 2010                    Respectfully submitted,

                                           GAS CITY, LTD.

                                           By Its Attorneys,


                                           */s/ Catherine J. Spector*
                                           _____

                                           Catherine J. Spector, 6287459
                                           Proskauer Rose LLP
                                           Three First National Plaza
                                           70 W. Madison, Suite 3800
                                           Chicago, IL 60602-4342
                                           Telephone: (312) 962-3550
                                           Fax: (312) 962-3551

                                           *Attorney for Defendant, Gas City, Ltd.*
                                           _____

7

## CERTIFICATE OF SERVICE

I, Catherine J. Spector, an attorney, certify that I served a copy of the foregoing on David E. Cohen, David E. Cohen, P.C., 55 West Monroe Street, Suite 600, Chicago, Illinois 60606, by operation of the Court's electronic filing system on August 31, 2010.

_/s/ Catherine J. Spector_
Catherine J. Spector

8