IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. VENTURE, INC. f/k/a U.S. OIL CO. INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 10 CV 4166 |
| GAS CITY, LTD. and WILLIAM J. MCENERY, | ) ) ) ) | |
| Defendants. | ) | |

NOW COMES Defendant William J. McEnery ("McEnery") for his Answer and Affirmative Defenses to Count II of Plaintiff's Complaint and states that:

## INCORPORATED ALLEGATIONS

1. U.S. Venture, a citizen of the State of Wisconsin, is incorporated in the State of Wisconsin with its principal place of business at 425 Better, Way, Appleton, Wisconsin, 54915.

**ANSWER:** McEnery lacks sufficient information or knowledge to form a belief as to the trust of the allegations in Paragraph 1 of the Complaint.

2. Gas City is a citizen of the State of Illinois, is incorporated in the State of Illinois with its principal place of business at 160 South LaGrange Road, Frankfort, Illinois 60423.

**ANSWER:** McEnery admits the allegations in Paragraph 2 of the Complaint.

3. McEnery is a citizen of the State of Illinois with a domicile at 13015 West 151 Street, Homer Glen, Illinois 60491.

**ANSWER:** McEnery admits the allegations in Paragraph 3 of the Complaint.

4. There is diversity jurisdiction pursuant to 29 U.S.C. § 1332(a)(1).

**ANSWER:** The allegations in Paragraph 4 contain legal conclusions regarding jurisdiction to which no answer is required and McEnery makes no answer.

5. This matter concerns a breach of an agreement in which the amount at issue is in excess of $75,000, exclusive of interest and costs.

**ANSWER:** McEnery admits the allegations in Paragraph 5 of the Complaint.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a).

**ANSWER:** The allegations in Paragraph 6 contain legal conclusions regarding venue to which no answer is required and McEnery makes no answer.

7. Plaintiff realleges paragraphs 1 through 6 as paragraph 7 of Count I of Plaintiff's Complaint.

**ANSWER:** McEnery incorporates his answers to Paragraphs 1 through 6 as his answer to this Paragraph 7.

8. Gas City has submitted to U.S. Venture various credit applications. During October, 2003, Gas City submitted its most recent credit application to U.S. Venture. Attached hereto as Exhibit "A" and incorporated by reference is a copy of the October, 2003 credit application.

**ANSWER:** McEnery admits that credit applications were submitted to U.S. Venture, including one in October 2003. McEnery denies that a full copy of the October 2003 credit application is attached to the Complaint. In particular, McEnery states that the "Bank & Credit Reference List" referenced in the credit application is not attached to the Complaint. McEnery denies any remaining allegations in Paragraph 8.

9. Pursuant to the credit application, Gas City ordered and U.S. Venture provided petroleum and other fuel to Gas City. Attached hereto as Exhibit "B" and incorporated by reference is an account summary listing all invoices issued to Gas City that remain unpaid.

**ANSWER:** McEnery admits that Gas City ordered and U.S. Venture provided petroleum and other fuel to Gas City. McEnery admits that a document purporting to be an account summary listing invoices issued to Gas City which were allegedly unpaid at the time of the filing of the Complaint is attached to the Complaint as Exhibit B. McEnery states that the remaining allegations in Paragraph 9 contain legal conclusion to which no answer is required, and McEnery makes no answer.

10. U.S. Venture performed all of its obligations to Gas City.

**ANSWER:** McEnery states that Paragraph 10 of the Complaint contains legal conclusions to which no answer is required and McEnery makes no answer. Additionally, McEnery states that he lacks knowledge or information to form a belief as to the actions performed by U.S. Venture.

11. Gas City breached its obligations by failing to tender to U.S. Venture the payments due for providing the petroleum and other fuel to Gas City.

**ANSWER:** McEnery admits that U.S. Venture provided petroleum and other fuel to Gas City. McEnery states that the remaining allegations in Paragraph 11 contain legal conclusions to which no answer is required and McEnery makes no answer.

12. As a result of Gas City's failure to pay, there remains due and owing to Plaintiff, after application of all payments and credits, the sum of $530,244.07.

**ANSWER:** McEnery states that Paragraph 12 of the Complaint contains legal conclusions to which no answer is required and McEnery makes no answer.

13. Plaintiff has made demand on Gas City for payment of the amounts due but Gas City has refused and continues to refuse to pay.

**ANSWER:** McEnery denies the statement that "Gas City has refused and continues to refuse to pay." McEnery admits the remaining allegations in Paragraph 13.

### Count II - Personal Guaranty

14. Plaintiff realleges paragraphs 1 through 13 of its Complaint as paragraph 14 of Count II of Plaintiff's Verified Complaint.

**ANSWER:** McEnery incorporates his answers to Paragraphs 1 through 13 as his answer to this Paragraph 14.

15. On April 27, 1989, McEnery executed and delivered to U.S. Venture a written guaranty ("Guaranty"), whereby McEnery personally guaranteed to U.S. Venture the payment of any and all indebtedness of Gas City to U.S. Venture. That attached hereto as Exhibit "C" is a copy of the Guaranty.

**ANSWER:** McEnery admits the execution of the Guaranty attached to the Complaint as Exhibit C and states that the Guaranty can speak for itself. McEnery denies the allegations in Paragraph 15 to the extent that they are inconsistent with the Guaranty.

16. At the time of the signing of the Guaranty, McEnery was President of Gas City.

**ANSWER:** McEnery admits the allegations in Paragraph 16 of the Complaint.

17. At the time of the signing of the Guaranty, McEnery was the sole shareholder of Gas City.

**ANSWER:** McEnery admits the allegations in Paragraph 17 of the Complaint.

18. At the time of the signing of the Guaranty, McEnery intended to guaranty the payment of all sums due and owing to U.S. Venture from Gas City.

**ANSWER:** McEnery admits the execution of the Guaranty attached to the Complaint as Exhibit C and states that the Guaranty can speak for itself. McEnery denies the allegations in Paragraph 18 to the extent that they are inconsistent with the Guaranty.

19. That pursuant to Count I of this Complaint, Gas City owes U.S. Venture the sum of $530,244.07 plus costs.

**ANSWER:** McEnery states that Paragraph 19 of the Complaint contains legal conclusions to which no answer is required and McEnery makes no answer.

20. That McEnery owes U.S. Venture $530,244.07 under the Guaranty.

**ANSWER:** McEnery states that Paragraph 20 of the Complaint contains legal conclusions to which no answer is required and McEnery makes no answer.

## AFFIRMATIVE OR OTHER DEFENSES

**FIRST DEFENSE**: **ESTOPPEL, WAIVER, LACHES, AND/OR RATIFICATION**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or ratification.

**SECOND DEFENSE: LACK OF CONSIDERATION**

Plaintiff's claims are barred, in whole or in part, to the extent there was a lack of consideration running between Plaintiff and McEnery.

**THIRD DEFENSE: PAYMENT**

Plaintiff's claims are barred, in whole or in part, to the extent that Gas City has paid or will pay U.S. Venture any amounts in satisfaction of its claims.

**RESERVATION OF ADDITIONAL DEFENSES**

McEnery reserves the right to raise any additional defenses, affirmative or otherwise, which may become apparent through discovery during the course of this action.

**JURY DEMAND**

McEnery hereby demands a jury trial on all issues so triable.

WHEREFORE, Defendant William J. McEnery prays for judgment in its favor and against Plaintiff on Count II of the Complaint, and requests that the Complaint be dismissed on its merits and with prejudice; and that McEnery be awarded such other and further relief as the Court deems necessary.

                Respectfully submitted,

                WILLIAM J. McENERY


                By:  s/ Kathleen A. Stetsko
                      One of His Attorneys

Daniel A. Zazove (ARDC # 3104117)
Kathleen A. Stetsko (ARDC #6297704)
Perkins Coie LLP
131 South Dearborn Street, Suite 1700
Chicago, IL  60603-5559
312.324.8400

Dated:  August 31, 2010

**CERTIFICATE OF SERVICE**

Kathleen A. Stetsko, an attorney, hereby certifies that on August 31, 2010 she caused a copy of *William J. McEnery's Answer and Affirmative Defenses to Count II of Plaintiff's Complaint* to be served on the below parties via electronic transmittal.

*Counsel for Plaintiff*

David E. Cohen
David E. Cohen, P.C.
55 West Monroe Street
Suite 600
Chicago, Illinois 60606

/s/ Kathleen A. Stetsko
PERKINS COIE LLP
Kathleen A. Stetsko (ARDC #6297704)
131 S. Dearborn Street - Suite 1700
Chicago, Illinois 60603-5559
Telephone: (312) 324-8400